NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 11 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE ISRAEL AGUILERA ALONZO, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 20-73069 <br><br> Agency No. A200-196-610 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2022**
Pasadena, California

Before: FRIEDLAND and KOH, Circuit Judges, and KORMAN,*** District Judge.

Jose Israel Aguilera Alonzo ("Petitioner"), a native and citizen of Honduras,

seeks review of a decision of the Board of Immigration Appeals ("BIA") affirming

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

the denial by an immigration judge ("IJ") of Petitioner's applications for withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction to review the BIA's decision under 8 U.S.C. § 1252(b), and we deny the petition.[1]

The BIA affirmed the IJ's determinations that Petitioner was not credible and that Petitioner did not provide sufficient documentary evidence to independently corroborate his claims. "We review factual findings, including adverse credibility determinations, for substantial evidence." *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014). Petitioner has advanced no substantive argument that the BIA's conclusions about Petitioner's credibility or corroborating evidence were not supported by substantial evidence. Rather, Petitioner asserted in a single conclusory statement in his opening brief that "the IJ and BIA's findings

---

[1] Petitioner appears to argue in his opening brief that he is eligible for and entitled to asylum under 8 U.S.C. § 1158. Because Petitioner sought only withholding of removal and protection under CAT before the IJ, we interpret his arguments as to his eligibility for asylum as pertaining to his application for withholding of removal pursuant to 8 U.S.C. § 1231(b)(3). *See Lanza v. Ashcroft*, 389 F.3d 917, 933 (9th Cir. 2004) ("[C]ourts 'consider the same factors to determine eligibility for both asylum and withholding,' but withholding of removal requires 'a higher probability of persecution.'" (quoting *Castellano-Chacon v. INS*, 341 F.3d 533, 545 (6th Cir. 2003))). To the extent that Petitioner seeks asylum under 8 U.S.C. § 1158, we lack jurisdiction to hear that claim because it was not exhausted before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (holding that "[8 U.S.C.] § 1252(d)(1) mandates exhaustion and therefore generally bars us, for lack of subject-matter jurisdiction, from reaching the merits of a legal claim not presented in administrative proceedings below").

with respect to the Petitioner's credibility were not based on substantial evidence."

"Issues raised in a brief that are not supported by argument are deemed abandoned." *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996). We hold, therefore, that Petitioner has forfeited any challenge to the BIA's adverse credibility determination or its conclusion about his lack of corroborating evidence.[2]

In the absence of credible testimony or sufficient corroborating evidence, Petitioner cannot prevail on either of his claims. To qualify for withholding of removal, Petitioner bears the burden of "show[ing] a 'clear probability' of future persecution." *Garcia*, 749 F.3d at 791 (quoting *Alvarez-Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir. 2003)); *see also* 8 U.S.C. § 1231(b)(3)(C) (providing that an applicant for withholding has the burden of proof). Because Petitioner failed to offer credible testimony or corroborating evidence of persecution, the BIA's conclusion that Petitioner had not sustained his burden of proof is supported by substantial evidence. *See Garcia*, 749 F.3d at 791 ("Substantial evidence supports the IJ's and the BIA's denial of relief under withholding of removal because [the applicant] cannot overcome the adverse credibility determination.").

Petitioner's CAT claim fails for similar reasons. Because that claim was

---

[2] Independent of Petitioner's forfeiture on the adverse credibility determination, a review of the record persuades us that the agency's alternative arguments would be sufficient grounds to deny the petition.

based on the same testimony the BIA and IJ had found was not credible and lacked support from independent corroborating evidence, the BIA's conclusion that Petitioner could not show it was "more likely than not [he] would be tortured if removed to [Honduras]" was also supported by substantial evidence. *See* 8 C.F.R. § 1208.16(c)(2); *Ahmed v. Keisler*, 504 F.3d 1183, 1200 (9th Cir. 2007) ("[The applicant] bears the burden of presenting evidence to establish 'substantial grounds for believing that [he] would be in danger of being subjected to torture in the country of removal.'" (second alteration in original) (quoting *Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir. 2001))).

**PETITION DENIED.**